IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN ALASIN,<br><br>                             Plaintiff,<br>      v.<br><br>ECOLAB, INC.,<br><br>                             Defendant. | Civil Action:  09-10811<br>Hon. Victoria A. Roberts |

**CONSENT DECREE**

This matter is before the Court for entry of this decree by consent of the parties to effectuate a compromise and settlement of all claims.  After review and consideration, the Court believes that entry of this decree is in the interest of justice.

1.	Plaintiff, Stephen Alasin ("Alasin"), commenced the above entitled action in the United States District Court for the Eastern District of Michigan, alleging that the Defendant Ecolab, Inc. ("Ecolab") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by failing to re-employ Alasin in the position of Senior Service Specialist at Ecolab which is the position Alasin would have been employed in had his employment not been interrupted by his military service.

2.	Ecolab denies that it has violated USERRA.

3.	Nevertheless, Alasin and Ecolab (collectively referred to as the "Parties"), as a result of settlement discussions, have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree.  It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of all claims alleged in the Complaint filed in this case.

1

## STIPULATED FACTS

4. Pursuant to USERRA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan over the subject matter of this action and of the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5. Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree only. Ecolab agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

6. Having examined the terms and provisions of the Consent Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   b. The terms and provisions of this Consent Decree are fair, reasonable, and just. The rights of the parties are protected adequately by this Decree.

   c. This Consent Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the USERRA and other applicable laws and will be in the best interest of the parties.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

## NON-ADMISSION

7. This Decree is being entered with the consent of the parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by Ecolab of any violations of USERRA, or any other law, rule or regulation, dealing with or in connection with equal employment opportunities.

## NON-RETALIATION

8.     Ecolab shall not take any action against any person which constitutes retaliation or interference with the exercise of such person's rights under USERRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

## REMEDIAL REQUIREMENTS

9.     Without admitting the allegations as set forth in the Complaint, and in settlement of the claims of Alasin, Ecolab shall, within (10) business days from the date of entry of this Decree, pay Alasin $118,000 (comprised as follows: $88,000 in back pay and $30,000 in liquidated damages), less those employee tax withholdings and employee contributions on the $88,000 back pay component of the total monetary award as required by law, which Ecolab timely shall pay to the appropriate governmental agencies on behalf of Alasin. Ecolab shall separately pay to the appropriate governmental agencies the appropriate employer's contribution due on the $88,000 back pay portion of the total monetary award; i.e., the employer's contribution shall not be deducted from any part of the monetary award to Alasin.

Ecolab shall pay the required amount to Alasin by mailing to Alasin a check addressed as follows:

Stephen Alasin
21929 Lange St.
St. Clair Shores, MI 48080

Ecolab shall provide documentary evidence of having paid Alasin by mailing a photocopy of the check evidencing payment together with proof of payment to the following address within twenty one (21) days of payment to Alasin:

Lori B. Kisch
Senior Trial Attorney
United States Department of Justice
950 Pennsylvania Ave., NW
Civil Rights Division

3

Employment Litigation Section, PHB, Room 4031
Washington, DC  20530

10. For and in consideration of the relief being provided to him described in paragraph 9 of this Decree, Alasin releases and discharges Ecolab from the claims identified in the Complaint filed in this case and the complaint Alasin filed with the Department of Labor, complaint number MI-2008-00012-10-V-CO.  This release and discharge of claims is subject only to Ecolab's compliance with the terms of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

11. This Court shall retain jurisdiction over this matter and will have all available equitable powers, including injunctive relief, to enforce this Decree.  Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking a resolution of such dispute by the Court.  In the event of a dispute, the parties shall give notice to each other ten (10) business days before moving for review by the Court.  The parties may conduct expedited discovery under the Federal rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

## MISCELLANEOUS

12. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

13. This Consent Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action. This Court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders enforcing this decree.

14. The terms of this Consent Decree shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of Ecolab and upon the heirs, successors, and assigns of Alasin.

15. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing by all parties.

## EFFECTIVE DATE

16. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

17. This Decree shall expire, and this action shall be dismissed, without further order of this Court one year from the date that documentation of the monetary payment due to Alasin has been submitted to the United States. Alasin may move, for good cause, to extend the decree if the remedial relief called for herein has not been effectuated. The Decree will not be extended, however, unless the Court grants Alasin's motion. Any such extension may be granted by the Court only for such time as is necessary to effectuate the relief set forth in this Decree.

APPROVED and ORDERED this 4th day of March, 2009.

                S/Victoria A. Roberts
                UNITED STATES DISTRICT JUDGE

| s/John M. Gadzichowski | s/Stephen Alasin |
|---|---|
| JOHN M. GADZICHOWSKI [WI Bar No. 1014294] | STEPHEN ALASIN |
| Chief | |
| DIANA EMBREY [DC Bar No. 457470] | |
| Deputy Chief | |
| LORI B. KISCH [DC Bar No. 491282] | |
| Senior Trial Attorney | |
| U.S. Department of Justice | |
| Civil Rights Division, Employment Litigation Section | |
| 950 Pennsylvania Avenue, NW | |
| Patrick Henry Building, Room 4031 | |
| Washington, D.C.  20530 | |
| Telephone: 202.305.4422 | |
| Facsimile: 202.514.1005 | |

TERRENCE BERG
Acting United States Attorney

s/Judith E. Levy
JUDITH E. LEVY
Assistant United States Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226
Telephone: 313.226.9727
Facsimile: 313.226-3271

*On Behalf of Plaintiff Stephen Alasin*

| w/consent Shirley Lerner | w/consent James R. Rollwagen |
|---|---|
| Shirley Lerner | James R. Rollwagen |
| Littler Mendelson | Ecolab, Inc. |
| IDS Center | |
| 80 South 8th Street, Suite 1300 | |
| Minneapolis, MN 55402 | |
| Telephone: 612.313.7601 | |
| Facsimile: 612.465.1881 | |

*On Behalf of Defendant Ecolab, Inc.*

6